UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00163-GNS-HBB

ELITE COMMUNICATIONS, INC.                                                                PLAINTIFF

v.

GRANGE INSURANCE COMPANY                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's Motion to Dismiss (DN 12), which is ripe for decision. For the reasons that follow, the motion is **DENIED.**

### I.     BACKGROUND

This action arises out of insurance dispute between insured Elite Communications Inc. ("Elite") and insurer Grange Insurance Company ("Grange"). (Compl. ¶¶ 4-8, DN 1-1). Grange has its principal place of business in Columbus, Ohio. (Compl. ¶ 3). Elite is a Kentucky corporation that is an "authorized dealer and provider" for several Bluegrass Cellular locations and generates income from the sale of mobile electronic devices, phone insurance, phone equipment, and accessories. (Compl. ¶ 3). Elite purchased an insurance policy from Grange that included coverage for damage to its business premises arising under covered circumstances, including lost profits and payroll. (Compl. ¶ 4).

On November 27, 2019, the roof of Elite's business in Cumberland County, Kentucky, collapsed due to water damage. (Compl. ¶ 5). Elite alleges losses including $18,185.68 in payroll expenses and $95,186.39 in lost commissions while operating from a temporary mobile unit when the damage was being repaired. (Compl. ¶¶ 29, 33). Grange paid for the damage to Elite's building

1

but denied Elite's claims for commission losses and payroll, which Elite claims were covered by the policy. (Compl. ¶ 38). Elite has asserted claims for breach of contract, violation of Kentucky Unfair Claims Settlement and Practices Act ("KUCSPA"), common law bad faith, and punitive damages. (Compl. ¶¶ 23-51). Grange has moved to dismiss the claims for violation of KUCSPA, common law bad faith, and punitive damages. (Def.'s Mot. Dismiss 1, DN 12).

## II. JURISDICTION

Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## III. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, a plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678-79. The allegations must "'show[] that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.     DISCUSSION

### A.     KUCSPA and Common-Law Bad Faith

KUCSPA "is intended to protect the public from unfair trade practices and fraud . . . and imposes what is generally known as the duty of good faith and fair dealing owed by an insurer to an insured." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir. 2012) (internal quotation marks omitted) (internal citation omitted) (citation omitted).  Courts have held that to best effect this purpose, KUCSPA "should be liberally construed . . . ." *Id.* (citation omitted). Claims under KUCSPA and common-law bad faith claims are evaluated under identical standards. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 658 (W.D. Ky. 2012) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 527 (6th Cir. 2006)), *aff'd*, 732 F.3d 645 (6th Cir. 2013).  To support a claim for bad faith, an insured must allege that:  (1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (citation omitted).

Grange argues that Elite's bad faith claims should be dismissed because it has not properly alleged that its claim was denied.  (Def.'s Mot. Dismiss 1, DN 12).  Kentucky courts have held that denial of the insurance claim is required for a bad faith claim.  *Phila. Indem. Ins. Co.*, 857 F. Supp. 2d at 658.  Grange appears to concede, however, that a direct or express denial is not necessarily required.  (Def.'s Reply Mot. Dismiss 3, DN 22).  In *Jones v. Liberty Mutual Fire Insurance Co.*, No. 3:04-CV-137-MO, 2007 WL 2287886 (W.D. Ky. Aug. 8, 2007), which Grange cites, this Court found that even though the insurance company did not explicitly deny the claim, a bad-faith claim was still allowed to proceed when the insurance company "effectively denied the

claim" by stating that there would be no payment absent additional proof. *Id.* at *4. Likewise, in *Adkins v. Shelter Mutual Insurance Co.*, No. 5:12-173-KKC, 2015 WL 1393583 (E.D. Ky. Mar. 25, 2015), the court reframed the denial requirement explaining that "the appropriate inquiry is whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Id.* at *4 (quoting *Phelps*, 736 F.3d at 704). In *Adkins*, despite there being no denial by the insurance company, the plaintiff's claim was allowed to proceed because there was sufficient evidence that the defendant "acted unreasonably in evaluating and processing Adkins' claim." *Id.*

An express denial of Elite's insurance claim is not required. Determining whether Grange "effectively denied" Elite's insurance claim or acted unreasonably in investigating, evaluating, and processing the claim is a fact-specific inquiry that is not appropriate to address on a motion to dismiss. *Jones*, 2007 WL 2287886, at *4; *Adkins*, 2015 WL 1393583, at *4; *see Twombly*, 550 U.S. at 561. Elite has pled that Grange has "refused to compensate and pay Elite for its documented loss of business income and ordinary payroll expenses as required by the express language of the policy issued to Elite"; has "refused to acknowledge the amount of Elite's claim"; and has "delayed its response and negotiations." (Compl. ¶¶ 38, 40, 41). Taking these allegations as true, a jury could find that Grange effectively denied Elite's insurance claim or acted unreasonably in investigating, evaluating, and processing the claim. Thus, Grange's motion to dismiss the KUCSPA and common law bad faith claims is denied.

    **B.**    <u>**Punitive Damages**</u>

Grange's only argument for dismissal of the punitive damages claim is that it should be dismissed because Elite's KUCSPA and common-law bad faith claims should be dismissed.

(Def.'s Mot. Dismiss 2).  Because those claims are not dismissed, Elite's request for punitive damages will remain as well.[1]

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 12) is **DENIED.**

Greg N. Stivers, Chief Judge
United States District Court

June 16, 2022

cc:     counsel of record

---

[1] Although denominated as a separate count, Elite's claim for punitive damages actually is a potential remedy for its other claims. *See Rapier v. Coloplast Corp.*, No. 3:20-CV-00405-GNS-RSE, 2022 WL 828949, at *5 (W.D. Ky. Mar. 18, 2022) ("[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." (quoting *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012))).